IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                          CASE NO. 1:02-cr-45-MP-GRJ

STEVEN LAWRENCE LAKE

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 223, the Government's motion to dismiss Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 218.) Defendant has filed a response in opposition to the Government's motion to dismiss. (Doc. 227.) For the reasons discussed below, the undersigned recommends that the Government's motion to dismiss is due to be granted and Defendant's § 2255 should be dismissed as untimely.

## Background

On December 10, 2002, Defendant and three co-defendants were charged with conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and a quantity of MDMA, in violation of 18 U.S.C §§ 841(b)(1)(A)(ii), 841(b)(1)(C), and 846. (Doc. 1.) Defendant failed to appear for trial, and was indicted for failure to appear in Case No. 1:03-cr-26-MMP. Defendant was arrested on February 27, 2007. (Doc. 144.)

Defendant pled guilty without a plea agreement to both the drug charge and the failure to appear charge. (Doc. 155.) On August 23, 2007, Defendant was sentenced

to 151 months imprisonment on the drug charge and 12 months imprisonment on the

failure to appear charge, to run consecutively. Defendant was also sentenced to a

period of supervised release of 5 years on the drug charge and 3 years on the failure to

appear charge, to run concurrently. (Doc. 169.) Judgment was entered on August 28,

2007. (Doc. 167.) Defendant appealed on the grounds that the Court erred in finding

him accountable for more than 5 grams of cocaine and in finding that he was not

entitled to safety-valve relief pursuant to U.S.S.G. § 5C1.2. The Eleventh Circuit

rejected these arguments and affirmed Defendant's conviction and sentence on April

18, 2008, and the mandate issued on May 21, 2008. (Docs. 185, 186.) Defendant did

not file for a writ of certiorari.

Defendant filed the instant motion under 28 U.S.C. § 2255 on January 18, 2013,

raising two claims. (Doc. 218.) Defendant asserts that his trial counsel was ineffective

for failing to "gather all the necessary facts and information prior to [Defendant] entering

into his plea of guilty," specifically with respect to drug quantity. *Id.* at 21-22.

Defendant also asserted that his trial counsel was ineffective for failing to object to the

trial court's findings regarding drug quantity.

## One-Year Limitation Period

Section 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of
Congress claiming the right to be released upon the ground that the sentence
was imposed in violation of the Constitution or laws of the United States, or that
the court was without jurisdiction to impose such sentence, or that the sentence
was in excess of the maximum authorized by law, or is otherwise subject to
collateral attack, may move the court which imposed the sentence to vacate, set
aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this

section." *Id*. at § 2255(f).  The one-year limitations period runs from the latest of:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

## Discussion

Defendant concedes that his § 2255 motion was filed after the expiration of the one-year limitations period as counted from the date on which the judgment of conviction becomes final, but argues that *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) recognized a new constitutional right that is retroactively applicable to cases on collateral review.  Defendant argues that if the one-year limitations period is counted from the date that *Frye* and *Lafler* were decided, his petition is timely.  The question, then, is whether *Frye* and *Lafler* announced a "newly recognized" right "made retroactively applicable" within the meaning of § 2255(f).

In *Frye*, the Supreme Court considered whether "the constitutional right to counsel extends to the negotiation and consideration of plea offers that lapse or are rejected," and concluded that it does  *Frye*, 132 S. Ct. at 1404, 1407-08.  The Court held that "as a general rule, defense counsel has the duty to communicate formal offers

from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. In *Lafler*, the Court elaborated on the showing necessary to prove prejudice in the plea context. The *Lafler* defendant had rejected a plea offer on the advice of his counsel, and was later convicted at trial. The Court held that "[i]n these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385.

Relying upon *In re Perez*, 682 F.3d 930 (11th Cir. 2012) the Government argues that *Frye* and *Lafler* were not "new rules." In *Perez*, the Petitioner attempted to file a successive § 2255 petition, and argued that the court should consider his petition because *Frye* and *Lafler* had announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). The Eleventh Circuit stated that "the Supreme Court did not directly address whether its holdings announced new rules of constitutional law or applied retroactively," but concluded that "*Frye* and *Lafler* did not announce new rules." *Perez*, 682 F.3d at 932. The court there found that those "cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context." *Id.* The court continued:

> We observe that any doubt as to whether *Frye* and *Lafler* announced new rules is eliminated because the Court decided these cases in the post conviction context. *See Frye*, 132 S. Ct. at 1405; *Lafler*,

132 S. Ct. at 1383–84.  Indeed, in *Lafler*, the Supreme Court held that the state court's decision was "contrary to clearly established law" under AEDPA. 132 S. Ct. at 1390. To be "clearly established federal law" within the meaning of AEDPA, the rule applied in *Lafler* must, by definition, have been an old rule within the meaning of *Teague*.

*Id.* at 933.

In light of *Perez*, and consistent with the view of a number of other courts that have concluded *Lafler* and *Frye* did not recognize a new constitutional right for the purposes of computing the one-year limitations period –   *see*, *e.g.*, *United States v. Light*, No. 8:13-cv-680-T-24-EAJ, 2013 WL 3199602 (M.D. Fla. June 21, 2013); *Holle v. Sec'y, Dep't of Corr.*, No. 3:11-cv-436-LAC-EMT, 2012 WL 2885527 (N.D. Fla. June 27, 2012).  *See also United States v. Lawton*, 506 F. App'x 722, 726 (10th Cir. 2012) (holding, in the context of a second or successive petition, that *Frye* and *Lafler* did not announce new rules of constitutional law); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam) (same); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (same) — the one year statute of limitations did not restart when the Supreme Court decided *Lafler* and *Frye*.

For purposes of the limitations period, then, Defendant's conviction became final when the 90-day period for filing a writ of certiorari elapsed on July 17, 2008.  The limitations period expired one year later, on July 17, 2009.  The instant motion to vacate was entered onto the Court's docket on January 18, 2013.   (Doc. 1.)  Defendant signed a declaration that he placed the motion to vacate in the prison mailing system on January 15, 2013.  The motion was mailed and then docketed nearly three and a half

years beyond the one-year limitations period, and was untimely.

Finally, Defendant has not demonstrated any entitlement to equitable tolling. "[I]n the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

Petitioner has failed to allege any extraordinary circumstances that prevented him from timely filing his claim. The instant petition is time-barred and Petitioner has failed to demonstrate entitlement to equitable tolling.

For the foregoing reasons it is respectfully **RECOMMENDED** that the Government's Motion to Dismiss Defendant's Motion to Vacate Under Title 28, United States Code, Section 2255 (Doc. 223) should be **GRANTED** and Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 218) should be **DISMISSED as untimely**. Further, it is **RECOMMENDED** that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 2nd day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:02-cr-45-MP-GRJ*

**<u>NOTICE TO THE PARTIES</u>**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.